Law Office Of Steven Kreiss 1120
Connecticut Avenue, N.W.
Suite #433
Washington D.C. 20036
Bar #14665
Telephone: (202) 347-6382
Fax: (202) 347-7711
Email Address: stevenkreissesq@gmail.com
Attorney for Plaintiff/Petitioner

TDC 21CV1374

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Akinsegun Rafiu Oyekunle, ) <br> N-400 Applicant ) <br> ) <br> Plaintiff/Petitioner, ) <br> ) <br> vs. ) <br> ) <br> Merrick B. Garland, ) <br> Attorney General ) <br> Of the United States, ) <br> ) <br> Alejandro Mayorkas, Secretary, ) <br> The United States Department of) <br> Homeland Security, ) <br> ) <br> Tracy Renard, Acting Director ) <br> Of United States Citizenship ) <br> And Immigration Services, and ) <br> ) <br> Kenneth Cuccinelli, Acting ) <br> USCIS Baltimore Field Office ) <br> Director. ) <br> ) <br> Defendants/Respondents. ) | Case No. A# 204 007 301 |

**PETITION FOR COURT ADJUDICATION OF PETITIONER'S N-400
<u>NATURALIZATION APPLICATION</u>**

COMES NOW Akinsegun Rafiu Oyekunle, plaintiff/petitioner in the above styled and numbered cause, hereafter petitioner, and for cause of action would show unto the Court the following:

1. This action is brought against the defendants/respondents (hereafter respondents) to compel further action on a two year and two-month delay in the adjudication by the United States Citizenship And Immigration Services (hereafter "USCIS") of an N-400 application filed by the petitioner herein on April 24, 2019 or alternatively to have this Court adjudicate the propriety of said N-400 application and complete petitioner's citizenship process. The N-400 application was filed by the petitioner with the USCIS on or about April 24, 2019. **Exhibits A and B**, App. 1-21. The N-400 application has not, to this day, been adjudicated by respondents. **Exhibits A-C**, App. 1-27.

2. Approving said N-400 application is usually the last step in the USCIS process of granting United States citizenship status to petitioner Akinsegun Rafiu Oyekunle who resides in the United States in Maryland. **Exhibits A-C**, App. 3, 21, 23, 25. Petitioner Akinsegun Rafiu Oyekunle is presently a native and citizen of Nigeria whose status was adjusted to that of a United States lawful permanent resident on June 8, 2012. **Exhibit A**, App. 2.

3. The N-400 application remains within the jurisdiction of the respondents, who have improperly and without explanation withheld final adjudication of said N-400 application to the petitioner's detriment. **Exhibits A-C**, App. 1-27.

4. Petitioner Akinsegun Rafiu Oyekunle was scheduled for USCIS biometrics on his N-400 application on May 24, 2019 in Baltimore, Maryland, after which he would complete the processing of said N-400 application through an interview. **Exhibit D**, App.28. The taking of his biometrics and subsequent interview never occurred as a result of the Covid virus pandemic. **Exhibit C**, App. 31. On April 29, 2021 petitioner Akinsegun Rafiu Oyekunle inquired with USCIS concerning the USCIS delay in adjudicating his N-400 application and "… requested that USCIS schedule an interview for … [him] relating to his N-400 application." **Exhibit C**, App. 22. There has been no USCIS response to the petitioner's April 29, 2021 letter inquiry. Id. More than two years have elapsed since the petitioner has filed his N-400 application without a USCIS decision thereon.

6. As of August 24, 2019, according to INA §336(b), USCIS, through its Baltimore Field Office, was required to adjudicate the petitioner's N-400 application within 120 days of its April 24, 2019 filing date. Thus, the time for USCIS to adjudicate the subject N-400 application is well

beyond (by more than about two (2) years) the USCIS processing time for it to adjudicate an N-400 citizenship application without judicial action being triggered under INA §336(b). Hence, the USCIS two-year delay in adjudicating the subject N-400 application is unreasonable. Petitioner Akinsegun Rafiu Oyekunle's attempt to obtain United States citizenship has fallen into a bureaucratic black hole or quagmire as a result of USCIS adjudication delay.

7. This judicial action seeks to compel USCIS to adjudicate petitioner Akinsegun Rafiu Oyekunle's N-400 application to complete the last phase of his legalization process in the United States or have this Court render such an adjudication. This action also seeks to (a) compel USCIS to approve said N-400 application or (b) have this court approve said N-400 application on a review of the submitted evidence contained within said N-400 application and attached thereto. Petitioner merely seeks to compel USCIS to render a decision on said N-400 application or have this Court render such a decision in the absence of the requested USCIS decision.

**PARTIES**

8. Petitioner Akinsegun Rafiu Oyekunle is forty years old, was born in Nigeria, and principally resides at 77 Harry S. Truman Drive, apartment 32, Largo, Maryland 20774-1042.

**Exhibits A-D**, App. 3, 21, 23 and 28. Approximately twenty-six (26) months have passed since petitioner Akinsegun Rafiu Oyekunle commenced the subject N-400 application process by filing his N-400 application on April 24, 2019 for his United States citizenship. **Exhibit B**, App. 21.

9. Respondent Merrick B. Garland is Attorney General of the United States, and this action is brought against him in his official capacity. He is generally charged with enforcement of the Immigration and Nationality Act ("INA"), and is further authorized to delegate such powers and authority to subordinate employees of the Department of Justice. 8 U.S.C. §1103(a).

10. Respondent Alejandro Mayorkas is Secretary of the Department of Homeland Security ("DHS"), and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations within the DHS. The USCIS is an agency within the DHS to whom the Secretary of Homeland Security's authority has in part been delegated, and is subject to his supervision.

11. Respondent Tracy Renaud is Acting Director of USCIS, and this action is brought against her in her official capacity. She is charged with supervisory authority over all operations of USCIS and is responsible for the timely and proper processing of petitioner Akinsegun Rafiu Oyekunle's N-400 application.

12. Respondent Kenneth T. Cuccinelli is the District Director of USCIS' Maryland Field Office, and this action is brought against him in his official capacity. He is charged with supervisory authority over all operations of USCIS' Maryland Baltimore Field Office, and is responsible for the timely and proper processing (including interviews and decisions) regarding petitioner Akinsegun Rafiu Oyekunle's N-400 application.

**JURISDICTION**

13. Jurisdiction in this case is proper under 28 U.S.C. §§1331 and 1361, 5 U.S.C. §§555(b) and 701 et seq., 8 U.S.C. §1447(b) and 28 U.S.C. §2201 et seq. Relief is requested pursuant to these statutes.

14. The Mandamus Act, 28 U.S.C. §1361, provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Petitioner Akinsegun Rafiu Oyekunle has a clear right to the relief requested, i.e. adjudication of the subject N-400 application, because he properly filed said N-400 application with USCIS and paid the fee for USCIS to adjudicate his N-400 application. **Exhibit B**, App. 21 and 8 C.F.R. §§103.7, 319.11(a) and 334.2(a). Respondents have a

clear non-discretionary duty to process petitioner Akinsegun Rafiu Oyekunle's N-400 application. There is no other adequate remedy available to petitioner Akinsegun Rafiu Oyekunle to have USCIS process his N-400 application.

15. The imposition of a mandatory adjudication fee creates a non-discretionary duty on USCIS to decide the subject N-400 application.  Congress intended that USCIS would charge a fee to cover the cost of adjudicating benefit applications. See 8 C.F.R. §103.7.  The regulations mandate that a nonrefundable adjudication fee be paid in advance to process an N-400 application. See 8 C.F.R. §§ 103.7, 319.11(a), and 334.2(a).  The non-discretionary duty on USCIS to decide the subject N-400 application was clearly triggered in this case when petitioner Akinsegun Rafiu Oyekunle paid the required N-400 application fee to have his N-400 application properly and timely filed with and adjudicated by the USCIS. **Exhibit A**, App. 21.

16. INA provisions also impose a duty upon USCIS to adjudicate an N-400 application and issue a decision thereon. INA §336(a). The INA mandates that a USCIS employee "… shall make a determination as to whether the [naturalization] application should be granted or denied, with reasons therefor." INA §335(d).  This duty to make a determination requires the adjudication of all naturalization applications.  The duty to make a decision

on all naturalization applications is also explicit in the Code of Federal Regulations. See 8 C.F.R. §§316.14(b)(1) and 335.3(a). The instructions to the N-400 naturalization application, as incorporated into the federal regulations, inform an applicant that he or she will be notified in writing of a decision on the application. 8 C.F.R. §335.3(a). The non-discretionary, ministerial duty of notifying an applicant of a decision cannot be carried out unless the application is adjudicated. The duty to make a decision and notify the applicant carries with it a duty to adjudicate the application. If the N-400 naturalization application is denied, "… the applicant may request a hearing before an immigration officer. INA §336(a). If USCIS fails to render a final determination under INA §335(d) within 120 days after an examination is conducted relating to a naturalization application, then "… the applicant may apply to the United States district court for a hearing on the matter." INA §336(b).

17. The Declaratory Judgment Act, 28 U.S.C. §2201, provides that "[i]n a case of actual controversy within its jurisdiction … any court of the United States … may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201(a).

18. The Administrative Procedure Act ("APA"), 5 U.S.C.

§706(1), permits reviewing courts to "compel agency action unlawfully withheld or unreasonably delayed." The federal question statute, 28 U.S.C. §1331, provides this Court with jurisdiction over an APA suit. 5 U.S.C. §555(b) of the APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." Section 555(b) creates a nondiscretionary duty to conclude agency matters within a reasonable time. Sierra Club v. Thomas, 828 F.2d 783, 797 (D.C. Cir. 1987). In the context of agency delay, courts have also found the right to relief in the APA. Villa v. DHS, 607 F. Supp. 2d 359, 365 (N.D.N.Y. 2009) (§555(b) of the APA requires USCIS to adjudicate applications within a reasonable time); Patel v. Reno, 134 F.3d 929, 933 (9th Cir. 1997) (duty to adjudicate visa petition). A violation of this duty is a basis for APA or mandamus relief.

19. The INA requires the USCIS to grant or deny a naturalization application at the time of initial examination or within one hundred and twenty (120) days thereafter. INA §336(b). If USCIS does not render a decision within said 120-day period, a naturalization applicant may apply to a United States district court for the district in which the applicant resides for a hearing on the matter. Id. Such district court has jurisdiction

9

over the matter and may either determine the matter or remand the matter to USCIS, with appropriate instructions, to determine the matter. INA §336(b).

20. The following district courts have found jurisdiction over a mandamus suit or an action based upon 8 U.S.C. §1447(b), INA §336(b), to compel an adjudication of an N-400 application by USC<u>IS: Olayan v. Holder</u>, 2009 U.S. Dist. LEXIS 12825 (S.D. Ind. Feb. 17, 2009) (found jurisdiction over mandamus suit on N-400 application); <u>Elhaouat v. Mukasey,</u> No. 07-632, 2007 U.S. Dist. LEXIS 58906 (E.D. Pa. Aug. 13, 2007) (found jurisdiction over mandamus suit on N-400 application pending 3 years at time of decision); <u>Hamandi v. Chertoff</u>, 550 F. Supp. 2d 46 (D.D.C. 2008) (district court had subject matter jurisdiction over alien's naturalization application, not timely adjudicated by USCIS, under the APA to compel USCIS to adjudicate without further delay her pending application for naturalization); <u>Palamarachouk v. Chertoff</u>, 568 F. Supp. 2d 460 (D. Del. 2008) (USCIS had non-discretionary duty under APA and Mandamus Act to adjudicate naturalization application within a reaso<u>nable time); Izraileva</u> v. Chertoff, 629 F. Supp. 2d 1286 (M.D. Fla. 2007) (district court vested with exclusive jurisdiction to determine the merits of alien's naturalization application when USCIS failed to issue determination within 120 days of alien's examination by

USCIS); Castracani v. Chertoff, 877 F. Supp. 2d 71 (D.D.C. 2005) (same); Manzoor v. Chertoff, 472 F. Supp. 2d 801 (E.D. Va. 2007) (Term "examination" as used in statute, 8 U.S.C. §1447(b), refers to the "initial interview" of a naturalization applicant by USCIS); Hussein v. Gonzales, 474 F. Supp. 2d 1265 (M.D. Fla. 2007) (same); Al-Farisi v. Mueller, 492 F. Supp. 2d 335 (S.D.N.Y. 2007) (same); Reddy v. Mueller, 551 F. Supp. 2d 952 (N.D. Cal. 2008) (district court could set a specific deadline within which USCIS action was required on naturalization application pending for two years; assertion that agency was "overworked" did not justify the unreasonable delay); Liu v. Secretary, U.S. Department of Homeland Security, 485 F. Supp. 2d 263 (W.D.N.Y. 2007) (the 120 day period set forth in 8 U.S.C. §1447(b) began to run on the date of the alien's interview with a USCIS officer); Imran v. Keisler, 516 F. Supp. 2d 967 (S.D. Iowa 2007) (district court had subject matter jurisdiction of alien's action seeking adjudication of his application for naturalization inasmuch as USCIS failed to adjudicate said application within statutory 120 day period following his naturalization interview); Abuhadba v. Gonzales, 512 F. Supp. 2d 1347 (N.D. Ga. 2007) (same); and Ahmed v. Gonzales, 509 F. Supp. 2d 556 (E.D. Va. 2007) (same).

**VENUE**

21. Venue is proper in this court, pursuant to 28 U.S.C. §1391(e), in that this is an action against officers and agencies of the United States acting in their official capacities, brought in the district where one or more of the respondents and/or petitioner resides and in which a substantial part of the events, i.e. interviews, or omissions giving rise to the claim occurred.

**EXHAUSTION OF REMEDIES**

22. Petitioner has exhausted his administrative remedies such that there is no other remedy available to him. He has made an inquiry concerning the status of the subject N-400 application to no avail. Exhibit C, App. 22-27. Respondents did not respond satisfactorily to this inquiry. There are no administrative remedies remaining for petitioner to exhaust because there is no administrative body to which he can appeal the refusal of the respondents to perform their non-discretionary ministerial duty to adjudicate said N-400 application.

**CAUSE OF ACTION**

23. Petitioner Akinsegun Rafiu Oyekunle submitted an N-400 application to USCIS and paid said N-400 application fee on or about April 24, 2019 in order to obtain his U.S. citizenship. Exhibit A, App. 1-20.

24. The adjudication of petitioner Akinsegun Rafiu Oyekunle's N-400 application has now been delayed by USCIS (a) for over two (2) years since he filed said N-400 application and (b) for over two years since he was fingerprinted by USCIS on May 24, 2019 in regard to his N-400 application. Exhibits B and D, App. 21, 28.

25. Respondents' refusal to act in this case is, as a matter of law, arbitrary and not in accordance with the law.  Respondents have unreasonably delayed the adjudication of, and have refused to process, the subject N-400 application for over two years and two months since the petitioner's N-400 application was filed, thereby depriving the N-400 petitioner of the right to a decision on his United States citizenship, the right to vote, the right to a government job and the peace of mind to which he is entitled.

26. The respondents, in violation of the Administrative Procedure Act, 5 U.S.C. §701 et seq., are unlawfully withholding or unreasonably delaying action on the subject N-400 application and have failed to carry out the administrative functions delegated to them by law with respect to petitioner's N-400 application.  An agency has a duty to conclude a matter presented to it within a "reasonable time." 5 U.S.C. §701 et seq. and §555(b). Petitioner has a clear right to have respondents' twenty-

six (26) month delay since his N-400 application was filed tested for reasonableness under the APA.

27. The following relevant immigration regulations were drafted to require the respondents to make a decision on an N-400 application: 8 C.F.R. §335.3(a) states that "[t]he Service Officer shall grant the application if the applicant has complied with all requirements for naturalization under this chapter [and a] decision to grant or deny the application shall be made at the time of the initial examination or within 120 days after the date of the initial examination …."; 8 C.F.R. §316.14(b) states that "… the employee of the Service who conducts the examination … shall determine whether to grant or deny the application and shall provide reasons for the determination, as required under section 335(d)"; and 8 C.F.R. §335.3(a) states that "[t]he applicant shall be notified that the application has been granted or denied and, if the application has been granted, of the procedures to be followed for the administration of the oath of allegiance …." As was stated by a district court, "there is a difference between the [USCIS'] discretion over how to resolve an application, and the [USCIS'] discretion over whether it resolves an application." Singh v. Still, 470 F. Supp.2d 1064 at 1068 (N.D. Cal. 2007). The resolving of the subject N-400 application requires adjudication.

Respondents have delayed the adjudication of said petitioner's N-400 application beyond the normal processing time for N-400 application adjudication.

28. Petitioner has made an inquiry as to the status of the subject N-400 application in an attempt to secure processing of said N-400 application, which was to no avail. Exhibit C, App. 22-27.

**PRAYER**

29. WHEREFORE, in view of the arguments and authority noted herein, petitioner respectfully prays that the respondents be cited to appear herein and that, upon due consideration, the Court enter an order:

(a) requiring respondents to adjudicate the subject N-400 application within 30 days;

(b) maintaining jurisdiction over the action even after granting mandamus or APA relief so that the Court can enforce its order or alternatively require USCIS to periodically update the Court about the progress it is making in adjudicating the subject N-400 application;

(c) awarding petitioner reasonable attorney's fees;

(d) adjudicating said N-400 application under 8 U.S.C. §1447(b) in view of the excessive and inexcusable USCIS delay in adjudicating said N-400 application; and

15

(e) granting such other relief at law and/or in equity as justice may require.

**Appendix Exhibits**                         **Page(s)**

A. The N-400 application filed by Akinsegun Rafiu Oyekunle     1-20

B. I-797 USCIS form indicating that an N-400 application was filed by Akinsegun Rafiu Oyekunle and its fee was paid by April 29, 2019     21

C. An April 29, 2021 letter by the petitioner's counsel requesting an N-400 interview     22-27

D. An I-797 USCIS notice informing the N-400 applicant of a scheduled May 24, 2019 biometrics appointment     28

Dated: June 24, 2021         Respectfully submitted,

*/s/ Steven Kreiss*
Steven Kreiss
1120 Connecticut Avenue, N.W.,
Suite 433
Washington, D.C. 20036
Bar# 14665
Tel. (202) 347-6382
Fax. (202) 347-7711

**CERTIFICATE OF SERVICE**

I certify that a true copy of petitioner's PETITION FOR COURT ADJUDICATION OF PETITIONER'S N-400 NATURALIZATION APPLICATION and attached appendix exhibits were sent this 24th day of June 2021, by first class certified mail, to:

Merrick B. Garland, Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington D.C. 20530-0001

Alejandro Mayorkas, Secretary
Department of Homeland Security
Office of the General Counsel
Washington D.C. 20528

Tracy Renard,
Acting Director of USCIS
20 Massachusetts Avenue, N.W.,
Room 4210
Washington D.C. 20529-2120, and

Kenneth Cuccinelli
USCIS Baltimore Field Office Director
3701 Koppers Street
Baltimore, Maryland 21227

_____
Steven Kreiss